

## IN THE UNITED STATES DISTRICT COURT FOR
## THE NORTHERN DISTRICT OF OKLAHOMA

**FILED**

JUL 26 2013

Phil Lombardi, Clerk
U.S. DISTRICT COURT

| | |
|---|---|
| 1. SHARON SHAW, an individual, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| 2. ALORICA, INC., a Foreign For-Profit | ) |
| Business Corporation, | ) |
| | ) |
| Defendant. | ) |

13 CV - 463 GKF - PJC
Case No.
Tulsa County District Court
Case No. CJ-2013-2763

## NOTICE OF REMOVAL

Defendant, Alorica, Inc. ("Alorica"), for its Notice of Removal, respectfully states as follows:

1.      Alorica is named as the Defendant in a civil action brought against it in the District Court in and for Tulsa County, State of Oklahoma, under the case styled, *Sharon Shaw, Plaintiff v. Alorica, Inc., Defendant,* Case No. CJ-2013-02763.

2.      Plaintiff's Amended Petition alleges six (6) causes of action against Alorica: (1) discrimination based upon disability under the Americans with Disabilities Act, 42 U.S.C. §12112, *et seq.* (the "ADA"); (2) violation of the Oklahoma Anti-Discrimination Act, 25 O.S. § 1301, *et seq.*; (3) discrimination based on race (Title VII), 42 U.S.C. § 2000e, *et seq.*; (4) violation of the Family and Medical Leave Act, 29 U.S.C. § 2601, *et seq.* (the "FMLA"); (5) interference in violation of the FMLA, 29 U.S.C. §2615(a)(1)); and (6) intentional infliction of emotional distress.

3.      This is the kind of action of which the United States District Courts have original jurisdiction because Plaintiff's claims based upon the ADA, 42 U.S.C. §12112, *et seq.*, Title VII, 29 U.S.C. § 2000e, *et seq.*, and the FMLA, 29 U.S.C. § 2601, *et seq.*, arise under the

1



Constitution, treaties or laws of the United States.   Accordingly, this action may be removed pursuant to 28 U.S.C. §§ 1331 and 1441.

4.    The aforementioned action was commenced by service of a summons upon Alorica on July 10, 2013.   Thus, this Notice of Removal is timely filed under the provisions of 28 U.S.C. §1446.

5.    Copies of all process, pleadings and orders served upon Alorica are attached hereto and marked as Exhibits "A," "B," and "C," respectively.

6.    A copy of the state court docket sheet is attached hereto and marked as Exhibit "D."

WHEREFORE, Defendant Alorica, Inc. prays that this action be removed from the District Court in and for Tulsa County, State of Oklahoma, to this Court.

DATED this **26th** day of July, 2013.

Respectfully submitted,

J. Ronald Petrkin, OBA No. 7092
P. Bradley Bendure, OBA No. 19048
CONNER & WINTERS, LLP
4000 One Williams Center
Tulsa, Oklahoma 74172-0148
Tel: (918) 586-8521
Fax: (918) 586-8631
rpetrikin@cwlaw.com
bbendure@cwlaw.com

**ATTORNEYS FOR DEFENDANT,
ALORICA, INC.**

2

## CERTIFICATE OF SERVICE

I hereby certify that on the same date this Notice of Removal was filed in the United States District Court in and for the Northern District of Oklahoma a true and correct copy of said Notice of Removal was served via U.S. Mail, postage prepaid, to Plaintiff's attorneys of record, Daniel E. Smolen, OBA No. 19943, Lauren G. Lambright, OBA No. 22300, and Alexandra M. Lengen, OBA No. 31132 of Smolen, Smolen & Roytman, PLLC, 701 South Cincinnati Avenue, Tulsa, OK 74119, and further that a copy of said Notice of Removal was hand-delivered to Sally Howe Smith, Court Clerk, District Court in and for Tulsa County, Oklahoma, 500 S. Denver, Tulsa, Oklahoma 74103-3832, for filing that same date in Case No. CJ-2013-2763.

P. Bradley Bendure



## IN THE DISTRICT COURT FOR TULSA COUNTY
## STATE OF OKLAHOMA

SHARON SHAW, an individual,       )
                                  )
        Plaintiff,                )     Case No.: CJ-2013-02763
                                  )              JEFFERSON D. SELLERS
vs.                               )
                                  )     ATTORNEY LEIN CLAIMED DISTRICT COURT
                                  )     JURY TRIAL DEMANDED **F I L E D**
ALORICA, INC., a Foreign For-Profit )
Business Corporation,             )              JUN 11 2013
                                  )
        Defendant.                )

SALLY HOWE SMITH, COURT CLERK
STATE OF OKLA. TULSA COUNTY

### PETITION

COMES NOW, the Plaintiff, Sharon Shaw, by and through her attorneys of record, Daniel E. Smolen, Lauren G. Lambright, and Alexandra M. Lengen of *Smolen, Smolen and Roytman, PLLC*, and brings this cause of action against Defendant Alorica, Inc., a Foreign For-Profit Business Corporation, for redress of her constitutionally protected rights arising out of her employment by said Defendants. In support of her Petition, Plaintiff submits the following:

### PARTIES, JURISDICTION AND VENUE

1. Plaintiff, Sharon Shaw, is a resident of Tulsa County, State of Oklahoma.

2. Defendant, Alorica, Inc., is a Foreign For Profit Business Corporation organized under the laws of California that regularly conducts business in Tulsa County, State of Oklahoma and regularly employs more than fifteen employees.

3. The incidents and occurrences which form the basis of Plaintiff's action occurred in Tulsa County.

4. Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission (hereinafter, "EEOC") complaining of discrimination

1

EXHIBIT
*A*

based on race, age and disability. Plaintiff received a Notice of Right to Sue on March 13, 2011, and this Petition has been filed within ninety (90) days of receipt. As such, all conditions precedent to the filing of this lawsuit have been fulfilled.

5. This Court has jurisdiction and venue is proper in Tulsa County. The Plaintiff brings his action for damages and to secure protection of and to redress the deprivation of rights secured by the ADA, 42 U.S.C. §12101 *et seq.*, the OADA, 25 O.S. §1350, and Title VII of the Civil Rights act of 1964, as amended, 42 U.S.C §2000-2 (hereinafter "Title VII").

6. Compensatory damages are sought pursuant to 42 U.S.C. § 2000e-5(g) and 25 O.S. §1350.

7. Punitive Damages are sought pursuant to the ADA, 42 U.S.C. §12101 *et seq.*

8. Costs and attorney's fees may be awarded pursuant to 42 U.S.C. § 200e-5(g) and 25 U.S.C. §1350.

## FACTS COMMON TO ALL CLAIMS

9. Plaintiff incorporates Paragraphs 1-8 as if realleged.

10. Plaintiff, Sharon Shaw, is an African American female who began her employment with Defendant on January 9, 2006.

11. For three years, Plaintiff had no issues with her employment or supervisors.

12. In March 2009, Plaintiff began experiencing hypertension and extreme anxiety. She applied for and was granted intermittent FMLA leave.

13. Over her tenure with Defendant, Plaintiff reported harassing conduct by several of her supervisors. Her supervisors consistently micromanaged her work, changed

her FMLA absences to unexcused absences, signed her up for overtime and then recorded that she did not show up, and attempted to force Plaintiff out of her position.

14. Plaintiff's medical condition was continually exacerbated by her work environment and in January 2012, she was diagnosed with major depressive disorder as a result of her work environment.

15. On January 26, 2012, Plaintiff attempted to report her supervisor's conduct to human resources. She waited until after office hours, and by the time she was able to meet with the HR representative, she was feeling quite ill.

16. Ms. Atkinson, the human resources representative, sent Plaintiff immediately to the company doctor. She was treated for elevated blood pressure, extreme anxiety and depression. Plaintiff's physician recommended that she stay home from work, and released her for light duty on January 30th, 2012.

17. On January 27, 2012, Plaintiff provided such documentation to human resources, to keep them aware of what was going on. At that time, Ms. Atkinson told Plaintiff not to come back to work because they did not accommodate "light duty."

18. Plaintiff was aware of several instances where Defendant had allowed younger, non-African American employees other options to accommodate their disabilities.

19. Ms. Atkinson further informed Plaintiff that she was being placed on unpaid leave and would continue to need to pay her medical expenses.

20. By failing to accommodate her disability and treating Plaintiff different than her similarly situated, younger and non-African American co-workers, Defendant has

3

violated the ADA, the OADA and Title VII of the Civil Rights Act of 1964 as amended.

## FIRST CLAIM FOR RELIEF

### DISCRIMINATION BASED ON DISABILITY UNDER THE ADA

21. Plaintiff, Sharon Shaw, incorporates Paragraphs 1-20 as if realleged.

22. In January 2012, Defendant engaged in unlawful employment practices in violation of Section 102 of Title I of the ADA, 42 U.S.C. §12112 *et seq.*

23. Defendant failed to accommodate Plaintiff, in violation of Section 102(a) of the ADA, 42 U.S.C. §12112(a), by failing to offer her light duty or reassignment while recovering from her medical condition.

24. The effect of the practices complained of in Paragraph twenty-three (23) above has been to deprive Plaintff of equal employment opportunities and to otherwise adversely affect her status as an applicant for employment.

25. The unlawful employment practices complained of in Paragraph twenty three (23) above were intentional.

26. The unlawful employment practices complained of in Paragraph twenty three (23) above were done with malice or reckless indifference to the federally protected rights of Ms. Shaw.

WHEREFORE, Plaintiff prays for judgment against the Defendant for:

a. Back pay and lost benefits; front pay until normal retirement
b. Compensatory damages for his mental anguish, pain and suffering and other non-pecuniary losses;
c. Punitive damages for the intentional and knowing acts of discrimination committed by Defendant's management and executives;
d. His attorney fees and the costs and expenses of this action;
e. Such other relief as the Court deems just and equitable.

4

## SECOND CLAIM FOR RELIEF

### VIOLATION OF THE OADA, 25 O.S. § 1301 *et seq.*

27. Plaintiff, Sharon Shaw, incorporates Paragraphs 1-26 as if realleged.

28. In or about January 2012, Defendant engaged in unlawful employment practices in violation of the OADA, 25 O.S. §1301 *et seq.*

29. Defendant failed to reassign Plaintiff to light duty in violation of 12 O.S. §1302.

30. The effect of the practices complained of in Paragraph twenty nine above has been to deprive Plaintiff of equal employment opportunities and to otherwise adversely affect his status as applicant for employment .

31. The unlawful employment practices complained of in Paragraph twenty-nine (29) above were intentional.

    WHEREFORE, Plaintiff prays for judgment against the Defendant for:

    a.  Back pay and lost benefits; front pay until normal retirement
    b.  Compensatory damages for his mental anguish, pain and suffering and other non-pecuniary losses;
    c   d.  His attorney fees and the costs and expenses of this action;
    e.  Such other relief as the Court deems just and equitable.

## THIRD CLAIM FOR RELIEF

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

32. Plaintiff, Sharon Shaw, incorporated Paragraphs 1-31 as if realleged.

33. The Defendant's actions of intentional and malicious discrimination are extreme and outrageous and have caused severe emotional and psychological damage to the Plaintiff.

    WHEREFORE, Plaintiff prays for judgment against the Defendant for:

    a.  Back pay and lost benefits; front pay until normal retirement
    b.  Compensatory damages for his mental anguish, pain and suffering and other

5

non-pecuniary losses;

   c.  Punitive damages for the intentional and knowing acts of discrimination committed by Defendant's management and executives;

   d.  His attorney fees and the costs and expenses of this action;

   e.  Such other relief as the Court deems just and equitable.

### FOURTH CLAIM FOR RELIEF
### Disparate Treatment on the Basis of Age in Violation of the Age Discrimination in Employment Act of 1967 as amended, 29 U.S.C. 621 *et seq.* (the "ADEA")

34. Plaintiff, Sharon Shaw, incorporates Paragraphs 1-33 as if realleged.

35. The foregoing conduct violates the Age Discrimination in Employment Act of 1967 as amended, 29 U.S.C. 621 *et seq.*

36. Plaintiff experienced disparate treatment compared to co-workers under the age of forty (40) with regard to accomodation, discipline, benefits and termination in violation of the ADEA.

37. Defendant's discriminatory practices have resulted in the loss of past and future wages and other job benefits, and have caused Plaintiff to suffer humiliation, embarrassment, and emotional distress.

38. Defendant committed the acts alleged with malice or reckless indifference to the protected rights of Plaintiff. Plaintiff is thus entitled to recover punitive damages in an amount to be determined according to proof.

WEFORE, Plaintiff prays for judgment against Defendant for:

   a.  Back pay and lost benefits; front pay until normal retirement

   b.  Compensatory damages for his mental anguish, pain and suffering and other non-pecuniary losses;

   c.  Punitive damages for the intentional and knowing acts of discrimination committed by Defendant's management and executives;

   d.  His attorney fees and the costs and expenses of this action;

   e.  Injunctive Relief

   f.  Such other relief as the Court deems

6

## FIRST CLAIM FOR RELIEF
## DISCRIMINATION BASED ON RACE (TITLE VII)

39. Plaintiff, Sharon Shaw, incorporates as if realleged Paragraphs 1-38.

40. By treating the Plaintiff differently than similarly-situated Caucasian employees, by failing to accommodate Plaintiff's disability and subjecting her to unequal discipline and opportunity, Defendant has violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et. seq.

41. By failing to accommodate Plaintiff's disability, and by allowing Plaintiff's non-African-American co-workers accommodations, and by offering Plaintiff's non-African American co-workers greater employment benefits, Defendant has violated Title VII of the Civil Rights Act of 1964.

WHEREFORE, Plaintiff prays for judgment against the Defendant for:

 a. Back pay and lost benefits; front pay until normal retirement;
 b. Compensatory damages for his mental anguish, pain and suffering and other non- pecuniary losses;
 c. Punitive damages for the intentional and knowing acts of discrimination committed by Defendant's management;
 d. His attorney fees and the costs and expenses of this action;
 e. Such other relief as the Court deems just and equitable.

WHEREFORE, based on the foregoing, Plaintiff prays that this Court grant her the relief sought including, but not limited to, actual damages in excess of Seventy-Five Thousand Dollars ($75,000), with interest accruing from date of filing of suit, punitive damages in excess of Seventy-Five Thousand Dollars ($75,000), back pay and lost benefits, compensatory damages for mental anguish, pain and suffering and other non-pecuniary loss, reasonable attorneys fees, injunctive relief, and all other relief deemed appropriate by this Court.

7

Respectfully submitted,

Daniel E. Smolen, OBA# 19943
Lauren G. Lambright, OBA# 22300
Alexandra M. Lengen, OBA# 31132
SMOLEN, SMOLEN & ROYTMAN, PLLC
701 S. Cincinnati Avenue
Tulsa, Oklahoma 74119
P: (918) 585-2667
F: (918) 585-2669
*Attorneys for Plaintiff*



## IN THE DISTRICT COURT FOR TULSA COUNTY
## STATE OF OKLAHOMA

SHARON SHAW, an individual,      )
                                 )
        Plaintiff,               )      Case No.: CJ-2013-2763
                                 )
vs.                              )      ATTORNEY LEIN CLAIMED
                                 )      JURY TRIAL DEMANDED DISTRICT COURT
ALORICA, INC., a Foreign For-Profit )
Business Corporation,            )      **F I L E D**
                                 )
        Defendant.               )      JUL 0 2 2013
                                 )

### AMENDED PETITION

SALLY HOWE SMITH, COURT CLERK
STATE OF OKLA. TULSA COUNTY

COMES NOW, the Plaintiff, Sharon Shaw, by and through her attorneys of record, Daniel E. Smolen, Lauren G. Lambright, and Alexandra M. Lengen of *Smolen, Smolen and Roytman, PLLC,* and brings this cause of action against Defendant Alorica, Inc., a Foreign For-Profit Business Corporation, for redress of her constitutionally protected rights arising out of her employment by said Defendants. In support of her Petition, Plaintiff submits the following:

### PARTIES, JURISDICTION AND VENUE

1. Plaintiff, Sharon Shaw, is a resident of Tulsa County, State of Oklahoma.

2. Defendant, Alorica, Inc., is a Foreign For Profit Business Corporation organized under the laws of California that regularly conducts business in Tulsa County, State of Oklahoma and regularly employs more than fifteen employees.

3. The incidents and occurrences which form the basis of Plaintiff's action occurred in Tulsa County.

4. Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission (hereinafter, "EEOC") complaining of discrimination



EXHIBIT
B



1

based on race, age and disability. Plaintiff received a Notice of Right to Sue on March 13, 2011, and this Petition has been filed within ninety (90) days of receipt. As such, all conditions precedent to the filing of this lawsuit have been fulfilled.

5. This Court has jurisdiction and venue is proper in Tulsa County. The Plaintiff brings his action for damages and to secure protection of and to redress the deprivation of rights secured by the ADA, 42 U.S.C. §12101 *et seq.*, the OADA, 25 O.S. §1350, and Title VII of the Civil Rights act of 1964, as amended, 42 U.S.C §2000-2 (hereinafter "Title VII").

6. Compensatory damages are sought pursuant to 42 U.S.C. § 2000e-5(g) and 25 O.S. §1350.

7. Punitive Damages are sought pursuant to the ADA, 42 U.S.C. §12101 *et seq.*

8. Costs and attorney's fees may be awarded pursuant to 42 U.S.C. § 200e-5(g) and 25 U.S.C. §1350 and 29 U.S.C. § 2617.

## FACTS COMMON TO ALL CLAIMS

9. Plaintiff incorporates Paragraphs 1-8 as if realleged.

10. Plaintiff, Sharon Shaw, is an African American female who began her employment with Defendant on January 9, 2006.

11. For two years of her employment, Plaintiff had no issues with her employment or supervisors.

12. In 2008, Plaintiff was placed under supervisor Ron Hardy.

2

13. While under Mr. Hardy's supervision, Plaintiff was denied access to the tools necessary to complete her work, denied computer logins, and suffered repeated verbal harassment at the hands of Mr. Hardy.

14. However, in March 2009, Plaintiff began experiencing hypertension and extreme anxiety. She applied for and was granted intermittent FMLA leave.

15. Plaintiff reported Mr. Hardy's behavior to HR and in 2009, she was moved off of his team and placed under the supervision of Jeffery Monastery.

16. While working under Mr. Monastery, Plaintiff suffered repeated harassment. Plaintiff found out that Mr. Monastery and Roberta Allen (Mr. Monastery's supervisor) had put her in for overtime although she did not request extra shifts. Further Mr. Monastery and Ms. Allen attempted to force Plaintiff to sign blank write-up forms and would deny her vacation time and she should instead "use your FMLA."

17. In April 2011, Plaintiff had to re-apply for FMLA coverage. However, when she provided the requisite documentation to Mr. Monastery, he failed to forward it on to HR.

18. After repeated attempts to contact HR Manager Shari Atkinson regarding her FMLA paperwork, Plaintiff was finally informed in September 2011 that it had been "lost." Upon Plaintiff offering up a copy of her 2011 FMLA request, Ms. Atkinson "found" Plaintiff's paperwork.

19. Over her tenure with Defendant, Plaintiff reported harassing conduct by several of her supervisors. Her supervisors consistently micromanaged her work, changed her FMLA absences to unexcused absences, signed her up for overtime and then

3

recorded that she did not show up, and attempted to force Plaintiff out of her position.

20. Plaintiff's medical condition was continually exacerbated by her work environment and in January 2012, she was diagnosed with major depressive disorder as a result of her work environment.

21. On January 26, 2012, Plaintiff attempted to report her supervisor's conduct to human resources. She waited until after office hours, and by the time she was able to meet with the HR representative, she was feeling quite ill.

22. Ms. Atkinson, the human resources representative, sent Plaintiff immediately to the company doctor. She was treated for elevated blood pressure, extreme anxiety and depression. Plaintiff's physician recommended that she stay home from work, and released her for light duty on January 30th, 2012.

23. On January 27, 2012, Plaintiff provided such documentation to human resources, to keep them aware of what was going on. At that time, Ms. Atkinson told Plaintiff not to come back to work because they did not accommodate "light duty."

24. Plaintiff was aware of several instances where Defendant had allowed non-African American employees other options to accommodate their disabilities.

25. Ms. Atkinson further informed Plaintiff that she was being placed on unpaid leave and would continue to need to pay her medical expenses.

26. By failing to accommodate her disability, failing to allow her leave under the FMLA, and treating Plaintiff different than her similarly situated non-African

American co-workers, Defendant has violated the ADA, the OADA, the FMLA, and Title VII of the Civil Rights Act of 1964 as amended.

## FIRST CLAIM FOR RELIEF

## DISCRIMINATION BASED ON DISABILITY UNDER THE ADA

27. Plaintiff, Sharon Shaw, incorporates Paragraphs 1-20 as if realleged.

28. In January 2012, Defendant engaged in unlawful employment practices in violation of Section 102 of Title I of the ADA, 42 U.S.C. §12112 *et seq.*

29. Defendant failed to accommodate Plaintiff, in violation of Section 102(a) of the ADA, 42 U.S.C. §12112(a), by failing to offer her light duty or reassignment while recovering from her medical condition.

30. The effect of the practices complained of in Paragraph twenty-three (23) above has been to deprive Plaintiff of equal employment opportunities and to otherwise adversely affect her status as an applicant for employment.

31. The unlawful employment practices complained of in Paragraph twenty three (23) above were intentional.

32. The unlawful employment practices complained of in Paragraph twenty three (23) above were done with malice or reckless indifference to the federally protected rights of Ms. Shaw.

WHEREFORE, Plaintiff prays for judgment against the Defendant for:

a. Back pay and lost benefits; front pay until normal retirement
b. Compensatory damages for his mental anguish, pain and suffering and other non-pecuniary losses;
c. Punitive damages for the intentional and knowing acts of discrimination committed by Defendant's management and executives;
d. His attorney fees and the costs and expenses of this action;
e. Such other relief as the Court deems just and equitable.

## SECOND CLAIM FOR RELIEF

## VIOLATION OF THE OADA, 25 O.S. § 1301 *et seq.*

33. Plaintiff, Sharon Shaw, incorporates Paragraphs 1-26 as if realleged.

34. In or about January 2012, Defendant engaged in unlawful employment practices in violation of the OADA, 25 O.S. §1301 *et seq.*

35. Defendant failed to reassign Plaintiff to light duty in violation of 12 O.S. §1302.

36. The effect of the practices complained of in Paragraph twenty nine above has been to deprive Plaintiff of equal employment opportunities and to otherwise adversely affect his status as applicant for employment .

37. The unlawful employment practices complained of in Paragraph twenty-nine (29) above were intentional.

WHEREFORE, Plaintiff prays for judgment against the Defendant for:

a.  Back pay and lost benefits; front pay until normal retirement
b.  Compensatory damages for his mental anguish, pain and suffering and other non-pecuniary losses;
c  d.  His attorney fees and the costs and expenses of this action;
e.  Such other relief as the Court deems just and equitable.

## THIRD CLAIM FOR RELIEF
## DISCRIMINATION BASED ON RACE (TITLE VII)

38. Plaintiff, Sharon Shaw, incorporates as if realleged Paragraphs 1-38.

39. By treating the Plaintiff differently than similarly-situated Caucasian employees, by failing to accommodate Plaintiff's disability and subjecting her to unequal discipline and opportunity, Defendant has violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et. seq.

40. By failing to accommodate Plaintiff's disability, and by allowing Plaintiff's non-

African-American co-workers accommodations, and by offering Plaintiff's non-African American co-workers greater employment benefits, Defendant has violated Title VII of the Civil Rights Act of 1964.

WHEREFORE, Plaintiff prays for judgment against the Defendant for:

   a.  Back pay and lost benefits; front pay until normal retirement;
   b.  Compensatory damages for his mental anguish, pain and suffering and other non- pecuniary losses;
   c.  Punitive damages for the intentional and knowing acts of discrimination committed by Defendant's management;
   d.  His attorney fees and the costs and expenses of this action;
   e.  Such other relief as the Court deems just and equitable.

## FOURTH CLAIM FOR RELIEF:
## VIOLATION OF FMLA

41. Plaintiff, Sharon Shaw, incorporates Paragraphs 1-40 as if realleged.

42. By treating the Plaintiff differently than other employees in retaliation for the Plaintiff's exercise of her leave rights under the FMLA, the Defendant has violated the FMLA.

43. Through its actions, Defendant willfully failed to abide by their responsibilities under the FMLA without good cause and without reasonable grounds for believing that its acts and omissions were not in violation of the FMLA. Consequently, defendant is liable to Plaintiff for liquidated damages, costs and expenses.

44. As a direct result of Defendant's violation of her FMLA rights, Plaintiff has been prevented from working for Defendants until her planned retirement date, has lost wages and benefits, including future income and benefits, prospective retirement benefits, and other job rights.  Consequently, Plaintiff has been harmed and suffered damages in excess of $75,000.

45. As a result of Defendant's failure to abide by the FMLA, Plaintiff has been forced to engage an attorney to bring this action and is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. § 2617.

WHEREFORE, Plaintiff prays for judgment against the Defendant for:

   a.  Back pay and lost benefits;
   b.  Liquidated Damages;
   c.  His attorney fees and the costs and expenses of this action;
   e.  Such other relief as the Court deems just and equitable.

### FIFTH CLAIM FOR RELIEF:
### INTERFERENCE IN VIOLATION OF FMLA (29 U.S.C. § 2615(a)(1))

46. Plaintiff, Sharon Shaw, incorporates as if realleged Paragraphs 1-45.

47. By interfering with Plaintiff's exercising her FMLA rights, through unfair discipline, "losing" her renewal paperwork, and forcing her to work unreasonable hours the Defendants have violated 29 U.S.C. § 2615(a)(2).

WHEREFORE, Plaintiff prays for judgment against the Defendants for:

   a.  Back pay and lost benefits;
   b.  Liquidated Damages;
   c.  His attorney fees and the costs and expenses of this action;
   e.  Such other relief as the Court deems just and equitable.

### SIXTH CLAIM FOR RELIEF

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

48. Plaintiff, Sharon Shaw, incorporated Paragraphs 1-31 as if realleged.

49. The Defendant's actions of intentional and malicious discrimination are extreme and outrageous and have caused severe emotional and psychological damage to the Plaintiff.

WHEREFORE, Plaintiff prays for judgment against the Defendant for:

a. Back pay and lost benefits; front pay until normal retirement
b. Compensatory damages for his mental anguish, pain and suffering and other non-pecuniary losses;
c. Punitive damages for the intentional and knowing acts of discrimination committed by Defendant's management and executives;
d. His attorney fees and the costs and expenses of this action;
e. Such other relief as the Court deems just and equitable.

WHEREFORE, based on the foregoing, Plaintiff prays that this Court grant her the relief sought including, but not limited to, actual damages in excess of Seventy-Five Thousand Dollars ($75,000), with interest accruing from date of filing of suit, punitive damages in excess of Seventy-Five Thousand Dollars ($75,000), back pay and lost benefits, compensatory damages for mental anguish, pain and suffering and other non-pecuniary loss, reasonable attorneys fees, injunctive relief, and all other relief deemed appropriate by this Court.

Respectfully submitted,

Daniel E. Smolen, OBA# 19943
Lauren G. Lambright, OBA# 22300
Alexandra M. Lengen, OBA# 31132
SMOLEN, SMOLEN & ROYTMAN, PLLC
701 S. Cincinnati Avenue
Tulsa, Oklahoma 74119
P: (918) 585-2667
F: (918) 585-2669
*Attorneys for Plaintiff*

## IN THE DISTRICT COURT FOR TULSA COUNTY
## STATE OF OKLAHOMA

SHARON SHAW, an individual,                )
                                            )
    Plaintiff,            )
                                            )
vs.                                         )
                                            )
ALORICA, INC., a Foreign For-Profit         )
Business Corporation,                       )
                                            )
    Defendant.            )

**CJ-2013-02763**

ATTORNEY LEIN CLAIMED
JURY TRIAL DEMANDED

JEFFERSON D. SELLERS

### ORIGINAL SUMMONS

**SERVE BY U.S. CERTIFIED MAIL, RETURN RECEIPT REQUESTED**

    Alorica, Inc.
    c/o Corporate Creations Network Inc.
    406 South Boulder, #400
    Tulsa, OK  74103

To the above-named Defendant(s)

    You have been sued by the above named plaintiff(s), and you are directed to file a written answer to the attached petition and order in the court at the above address within twenty (20) days after service of this summons upon you exclusive of the day of service.  Within the same time, a copy of your answer must be delivered or mailed to the attorney for the plaintiff.  Unless you answer the petition within the time stated judgment will be rendered against you with costs of the action.

    Issued this __11__ day of _____6_____, 2013

                SALLY HOWE SMITH, COURT CLERK
                County Court Clerk

              By _____
                  Deputy Court Clerk

(Seal)
    This summons and order was served on

              _____
              (Signature of person serving summons)

    YOU MAY SEEK THE ADVICE OF AN ATTORNEY ON ANY MATTER CONNECTED WITH THIS SUIT OR YOUR ANSWER.  SUCH ATTORNEY SHOULD BE CONSULTED IMMEDIATELY SO THAT AN ANSWER MAY BE FILED WITHIN THE TIME LIMIT STATED IN THIS SUMMONS.
              **Return ORIGINAL for filing.**

```
EXHIBIT
  C
```

## PERSONAL SERVICE

I certify that I received the foregoing Summons the _____ day of_____, 2013, and that I delivered a copy of said Summons with a copy of the Petition to the following named defendant personally in _____ County, _____ at the address and on the date set forth opposite each name, to-wit:

| Name of Defendant | Address | Date of Service |
|---|---|---|

## USUAL PLACE OF RESIDENCE

I certify that I received the foregoing Summons on the _____ day of _____, 2013, and that on _____, I served _____ by leaving a copy of said summons with a copy of the attached Petition at _____, which is his/her dwelling house or usual place of abode, with _____, a person then residing therein, who is fifteen (15) years of age or older.

## NOT FOUND

Received this Summons this _____ day of _____, 2013.  I certify that the following persons of the defendant within named not found in said County:

## FEES

Fee for service $_____, Mileage $_____,
Total $_____
Dated this _____ day of _____, 2013.
By:

Sheriff of _____ County,

## AFFIDAVIT

I, _____, the undersigned, under oath, do say that I served this Summons and made the return thereon, according to law that I am duly authorized to make this affidavit so help me God.

Sheriff of _____ County,

Subscribed to and sworn to before me this _____ day of_____, 2013.
My Commission Expires: _____
    Seal                      Notary Public

## CERTIFICATE OF SERVICE BY MAIL

I certify that I mailed copies of the foregoing summons with a copy of the Petition to the following named defendant at the address shown by certified mail, addressee only, return receipt requested, on the _____ day of _____, 2013, and receipt thereof on the dates shown:

| Defendant | Address Where Served | Date Receipted |
|---|---|---|

Signature of person mailing summons

# OSCN

## THE OKLAHOMA STATE COURTS NETWORK

www.oscn.net

**Home     Courts     Court Dockets     Legal Research     Calendar     Help**

The information on this page is NOT an official record. Do not rely on the correctness or completeness of this information. Verify all information with the official record keeper. The information contained in this report is provided in compliance with the Oklahoma Open Records Act, 51 O.S. 24A.1. Use of this information is governed by this act, as well as other applicable state and federal laws.

## IN THE DISTRICT COURT IN AND FOR TULSA COUNTY, OKLAHOMA

| | |
|---|---|
| SHARON SHAW,<br>        Plaintiff,<br>v.<br>ALORICA INC,<br>        Defendant. | No. CJ-2013-2763<br>(Civil relief more than $10,000:<br>WRONGFUL TERMINATION)<br><br>Filed: 06/11/2013<br><br>Judge: Sellers, Jefferson D. |

## Parties

ALORICA INC , Defendant
SHAW, SHARON , Plaintiff

## Attorneys

| Attorney | Represented Parties |
|---|---|
| SMOLEN, DANIEL E(Bar # 19943)<br>701 S. CINCINNATI<br>TULSA, OK 74119 | SHAW, SHARON |

## Events

| Event | Party | Docket | Reporter |
|---|---|---|---|

## Issues

For cases filed before 1/1/2000, ancillary issues may not appear except in the docket.

**Issue # 1.**

Issue: WRONGFUL TERMINATION (TERMINATE)
Filed by: SHAW, SHARON
Filed Date: 06/11/2013

**Party Name:**                    **Disposition Information:**

**Defendant:** ALORICA INC        Pending.

## Docket

| Date | Code | Count | Party | Serial # | Entry Date | | |
|---|---|---|---|---|---|---|---|
| 06-11-2013 | TEXT<br>CIVIL RELIEF MORE THAN $10,000 INITIAL FILING. | 1 | | 85727733 | Jun 11 2013 4:33:02:697PM | - | $ 0.00 |
| 06-11-2013 | TERMINATE<br>WRONGFUL TERMINATION | - | | 85727735 | Jun 11 2013 4:33:03:027PM | Realized | $ 0.00 |
| 06-11-2013 | DMFE | | | 85727736 | Jun 11 2013 4:33:03:047PM | Realized | $ 2.00 |

EXHIBIT
D

DISPUTE MEDIATION FEE($ 2.00)

| | | | | | |
|---|---|---|---|---|---|
| 06-11-2013 | PFE1 - <br> PETITION($ 163.00) <br> 📄 *Document Available (#1021639881)* | 85727737 | Jun 11 2013 4:41:58:380PM | Realized | $ 163.00 |
| 06-11-2013 | PFE7 - <br> LAW LIBRARY FEE($ 6.00) | 85727738 | Jun 11 2013 4:33:03:047PM | Realized | $ 6.00 |
| 06-11-2013 | OCISR - <br> OKLAHOMA COURT INFORMATION SYSTEM REVOLVING FUND($ 25.00) | 85727739 | Jun 11 2013 4:33:03:047PM | Realized | $ 25.00 |
| 06-11-2013 | CCADMIN02 - <br> COURT CLERK ADMINISTRATIVE FEE ON $2 COLLECTIONS($ 0.20) | 85727740 | Jun 11 2013 4:33:03:047PM | Realized | $ 0.20 |
| 06-11-2013 | OCJC - <br> OKLAHOMA COUNCIL ON JUDICIAL COMPLAINTS REVOLVING FUND($ 2.00) | 85727741 | Jun 11 2013 4:33:03:047PM | Realized | $ 2.00 |
| 06-11-2013 | OCASA - <br> OKLAHOMA COURT APPOINTED SPECIAL ADVOCATES($ 5.00) | 85727742 | Jun 11 2013 4:33:03:047PM | Realized | $ 5.00 |
| 06-11-2013 | CCADMIN04 - <br> COURT CLERK ADMINISTRATIVE FEE ON COLLECTIONS($ 0.50) | 85727743 | Jun 11 2013 4:33:03:047PM | Realized | $ 0.50 |
| 06-11-2013 | LTF - <br> LENGTHY TRIAL FUND($ 10.00) | 85727744 | Jun 11 2013 4:33:03:157PM | Realized | $ 10.00 |
| 06-11-2013 | SMF - <br> SUMMONS FEE (CLERKS FEE)($ 5.00) | 85727745 | Jun 11 2013 4:33:03:197PM | Realized | $ 5.00 |
| 06-11-2013 | SMIMA - <br> SUMMONS ISSUED - MAILED BY ATTORNEY | 85727746 | Jun 11 2013 4:33:03:257PM | Realized | $ 0.00 |
| 06-11-2013 | TEXT - <br> OCIS HAS AUTOMATICALLY ASSIGNED JUDGE SELLERS, JEFFERSON D. TO THIS CASE. | 85727734 | Jun 11 2013 4:33:02:997PM | - | $ 0.00 |

| | | | | | |
|---|---|---|---|---|---|
| 06-11-2013 | ACCOUNT - | | 85727796 | Jun 11 2013 4:34:36:627PM | - | $ 0.00 |

RECEIPT # 2013-2617402 ON 06/11/2013.
PAYOR:SMOLEN & SMOLEN PLLC TOTAL AMOUNT PAID: $218.70.
LINE ITEMS:
CJ-2013-2763: $168.00 ON AC01 CLERK FEES.
CJ-2013-2763: $6.00 ON AC23 LAW LIBRARY FEE.
CJ-2013-2763: $0.70 ON AC31 COURT CLERK REVOLVING FUND.
CJ-2013-2763: $5.00 ON AC58 OKLAHOMA COURT APPOINTED SPECIAL ADVOCATES.
CJ-2013-2763: $2.00 ON AC59 OKLAHOMA COUNCIL ON JUDICIAL COMPLAINTS REVOLVING
FUND.
CJ-2013-2763: $2.00 ON AC64 DISPUTE MEDIATION FEES.
CJ-2013-2763: $25.00 ON AC79 OCIS REVOLVING FUND.
CJ-2013-2763: $10.00 ON AC81 LENGTHY TRIAL FUND.

| | | | | | | |
|---|---|---|---|---|---|---|
| 07-02-2013 | AMP | - | SHAW, SHARON | 85961391 | Jul 3 2013 10:03:21:693AM | - | $ 0.00 |

AMENDED PETITION

📄 *Document Available (#1022240263)*

Report Generated by The Oklahoma Court Information System at July 22, 2013 12:43 PM

End of Transmission.