**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| SHARON SHAW, an individual | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | CASE NO. 4:13-cv-00463-GKF-PJC |
| v. | ) | |
| | ) | |
| ALORICA, INC., a Foreign For-Profit | ) | |
| Business Corporation, | ) | |
| | ) | |
| Defendant. | ) | |

**SECOND AMENDED COMPLAINT**

COMES NOW, the Plaintiff, Sharon Shaw, by and through her attorneys of record, Daniel E. Smolen, and Lauren G. Lambright, of *Smolen, Smolen and Roytman, PLLC,* and brings this second amended complaint against Defendant Alorica, Inc., a Foreign For-Profit Business Corporation, for redress of her constitutionally protected rights arising out of her employment by said Defendants. In support of her Petition, Plaintiff submits the following:

**PARTIES, JURISDICTION AND VENUE**

1. Plaintiff, Sharon Shaw, is a resident of Tulsa County, State of Oklahoma.

2. Defendant, Alorica, Inc., is a Foreign For Profit Business Corporation organized under the laws of California that regularly conducts business in Tulsa County, State of Oklahoma and regularly employs more than fifteen employees.

3. The incidents and occurrences which form the basis of Plaintiff's action occurred in Tulsa County.

4. Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission (hereinafter, "EEOC") complaining of discrimination

1

based on race, age and disability. Plaintiff received a Notice of Right to Sue on March 13, 2011, and her original Petition was filed within ninety (90) days of receipt. As such, all conditions precedent to the filing of this lawsuit have been fulfilled.

5.  This Court has jurisdiction and venue is proper in Tulsa County. The Plaintiff brings his action for damages and to secure protection of and to redress the deprivation of rights secured by the ADA, 42 U.S.C. §12101 *et seq.*, the OADA, 25 O.S. §1350, and Title VII of the Civil Rights act of 1964, as amended, 42 U.S.C §2000-2 (hereinafter "Title VII").

6.  Compensatory damages are sought pursuant to 42 U.S.C. § 2000e-5(g) and 25 O.S. §1350.

7.  Punitive Damages are sought pursuant to the ADA, 42 U.S.C. §12101 *et seq*.

8.  Costs and attorney's fees may be awarded pursuant to 42 U.S.C. § 200e-5(g) and 25 U.S.C. §1350 and 29 U.S.C. § 2617.

## FACTS COMMON TO ALL CLAIMS

9.  Plaintiff incorporates Paragraphs 1-8 as if realleged.

10. Plaintiff, Sharon Shaw, is an African American female who began her employment with Defendant on January 9, 2006.

11. For two years of her employment, Plaintiff had no issues with her employment or supervisors.

12. In 2008, Plaintiff was placed under supervisor Ron Hardy.

13. While under Mr. Hardy's supervision, Plaintiff was denied access to the tools necessary to complete her work, denied computer logins, and suffered repeated verbal harassment at the hands of Mr. Hardy.

14. However, in March 2009, Plaintiff began experiencing hypertension and extreme anxiety.  She applied for and was granted intermittent FMLA leave.

15. Plaintiff reported Mr. Hardy's behavior to HR and in 2009, she was moved off of his team and placed under the supervision of Jeffery Monastery.

16. While working under Mr. Monastery, Plaintiff suffered repeated harassment. Plaintiff found out that Mr. Monastery and Roberta Allen (Mr. Monastery's supervisor) had put her in for overtime although she did not request extra shifts. Further Mr. Monastery and Ms. Allen attempted to force Plaintiff to sign blank write-up forms and would deny her vacation time and she should instead "use your FMLA."

17. In April 2011, Plaintiff had to re-apply for FMLA coverage. However, when she provided the requisite documentation to Mr. Monastery, he failed to forward it on to HR. This resulted in an initial denial of her FMLA request as she was unable to take any FMLA leave until September of 2011.

18. After repeated attempts to contact HR Manager Shari Atkinson regarding her FMLA paperwork, Plaintiff was finally informed in September 2011 that it had been "lost." Upon Plaintiff offering up a copy of her 2011 FMLA request, Ms. Atkinson "found" Plaintiff's paperwork.

19. Over her tenure with Defendant, Plaintiff reported harassing conduct by several of her supervisors. Her supervisors consistently micromanaged her work, changed

her FMLA absences to unexcused absences, signed her up for overtime and then recorded that she did not show up, and attempted to force Plaintiff out of her position.

20. Plaintiff's medical condition was continually exacerbated by her work environment and in January 2012, she was diagnosed with major depressive disorder as a result of her work environment.

21. On January 26, 2012, Plaintiff attempted to report her supervisor's conduct to human resources. She waited until after office hours, and by the time she was able to meet with the HR representative, she was feeling quite ill.

22. Ms. Atkinson, the human resources representative, sent Plaintiff immediately to the company doctor. She was treated for elevated blood pressure, extreme anxiety and depression. Plaintiff's physician recommended that she stay home from work, and released her for light duty on January 30th, 2012.

23. On January 27, 2012, Plaintiff provided such documentation to human resources, to keep them aware of what was going on. At that time, Ms. Atkinson told Plaintiff not to come back to work because they did not accommodate "light duty."

24. Both of Plaintiff's supervisors, Mr. Hardy and Mr. Monastery, were Caucasian.

25. Plaintiff was aware of several instances where Defendant had allowed non-African American employees other options to accommodate their disabilities and believes that she was not allowed light duty and/or an accommodation because of her race. Specifically, Plaintiff knows of at least three similarly situated Caucasian co-workers who were allowed accommodations and/or light duty:

Angela (last name unknown) was on Plaintiff's team and after coming back from a period of leave was allowed to transfer to another work area as an accommodation; there was a white male who walked with a cane who was allowed to transfer off of phones and use only email communication; and there was a white female who went on leave to have a brain tumor removed, and who was allowed to transfer to another position as an accommodation upon her return. Plaintiff asserts that she was denied ADA accommodations because of her race.

26. Additionally, Plaintiff was aware of several non-African American individuals who requested FMLA leave and were immediately granted the leave without problems like those Ms. Shaw experienced. Specifically, Plaintiff recalls a Caucasian female named Angie Wilson and another non-African American female named Angela (last name unknown) who easily and obtained FMLA leave. Plaintiff asserts that she was initially denied FMLA leave because of her race.

27. Ms. Atkinson further informed Plaintiff that she was being placed on unpaid leave and would continue to need to pay her medical expenses.

28. By failing to accommodate her disability, failing to allow her leave under the FMLA, and treating Plaintiff different than her similarly situated non-African American co-workers, Defendant has violated the ADA, the OADA, the FMLA, and Title VII of the Civil Rights Act of 1964 as amended.

## FIRST CLAIM FOR RELIEF

### DISCRIMINATION BASED ON DISABILITY UNDER THE ADA

29. Plaintiff, Sharon Shaw, incorporates the preceding paragraphs as if realleged.

30. In January 2012, Defendant engaged in unlawful employment practices in violation of Section 102 of Title I of the ADA, 42 U.S.C. §12112 *et seq.*

31. Defendant failed to accommodate Plaintiff, in violation of Section 102(a) of the ADA, 42 U.S.C. §12112(a), by failing to offer her light duty or reassignment while recovering from her medical condition.

32. The effect of the practices complained of in Paragraph twenty-three (23) above has been to deprive Plaintiff of equal employment opportunities and to otherwise adversely affect her status as an applicant for employment.

33. The unlawful employment practices complained of in Paragraph twenty three (23) above were intentional.

34. The unlawful employment practices complained of in Paragraph twenty three (23) above were done with malice or reckless indifference to the federally protected rights of Ms. Shaw.

    WHEREFORE, Plaintiff prays for judgment against the Defendant for:

    a. Back pay and lost benefits; front pay until normal retirement
    b. Compensatory damages for his mental anguish, pain and suffering and other non-pecuniary losses;
    c. Punitive damages for the intentional and knowing acts of discrimination committed by Defendant's management and executives;
    d. Her attorney fees and the costs and expenses of this action;
    e. Such other relief as the Court deems just and equitable.

## SECOND CLAIM FOR RELIEF

### VIOLATION OF THE OADA, 25 O.S. § 1301 *et seq.*

35. Plaintiff, Sharon Shaw, incorporates the preceding paragraphs as if realleged.

36. In or about January 2012, Defendant engaged in unlawful employment practices in violation of the OADA, 25 O.S. §1301 *et seq.*

37. Defendant failed to reassign Plaintiff to light duty in violation of 12 O.S. §1302.

38. The effect of the practices complained of in Paragraph twenty nine above has been to deprive Plaintiff of equal employment opportunities and to otherwise adversely affect his status as applicant for employment .

39. The unlawful employment practices complained of in Paragraph twenty-nine (29) above were intentional.

       WHEREFORE, Plaintiff prays for judgment against the Defendant for:

  a. Back pay and lost benefits; front pay until normal retirement
  b. Compensatory damages for his mental anguish, pain and suffering and other non-pecuniary losses;
  c. Punitive damages for the intentional and knowing acts of discrimination committed by Defendant's management;
  d. Her attorney fees and the costs and expenses of this action;
  e. Such other relief as the Court deems just and equitable.

## THIRD CLAIM FOR RELIEF
## DISCRIMINATION BASED ON RACE (TITLE VII)

40. Plaintiff, Sharon Shaw, incorporates the preceding paragraphs as if realleged.

41. Plaintiff was aware of several instances where Defendant had allowed non-African American employees other options to accommodate their disabilities and believes that she was not allowed light duty and/or an accommodation because of her race. Specifically, Plaintiff knows of at least three similarly situated Caucasian co-workers who were allowed accommodations and/or light duty: Angela (last name unknown) was on Plaintiff's team and after coming back from a period of leave was allowed to transfer to another work area as an accommodation; there was a white male who walked with a cane who was allowed to transfer off of phones and use only email communication; and there

was a white female who went on leave to have a brain tumor removed, and who was allowed to transfer to another position as an accommodation upon her return.

42. Additionally, Plaintiff was aware of several non-African American individuals who requested FMLA leave and were immediately granted the leave without problems like those Ms. Shaw experienced. Specifically, Plaintiff recalls a Caucasian female named Angie Wilson and another non-African American female named Angela (last name unknown) who easily obtained FMLA leave. Plaintiff asserts that she was initially denied FMLA leave because of her race.

43. Plaintiff's Caucasian supervisors subjected the Plaintiff to unequal discipline and treatment compared to her Caucasian coworkers because of Plaintiff's race.

44. Defendant treated Plaintiff worse than her similarly situated Caucasian co-workers (as detailed in the preceding paragraphs) because Plaintiff was an African American female.

45. By treating the Plaintiff differently than similarly-situated Caucasian employees with respect to discipline, FMLA leave, by failing to accommodate Plaintiff's disability and subjecting her to unequal discipline and opportunity, Defendant has violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et. seq.

46. By failing to accommodate Plaintiff's disability, and by allowing Plaintiff's non-African-American co-workers accommodations, and by offering Plaintiff's non-African American co-workers greater employment benefits, Defendant has violated Title VII of the Civil Rights Act of 1964.

WHEREFORE, Plaintiff prays for judgment against the Defendant for:

    a.   Back pay and lost benefits; front pay until normal retirement;
    b.   Compensatory damages for his mental anguish, pain and suffering and other non- pecuniary losses;
    c.   Punitive damages for the intentional and knowing acts of discrimination committed by Defendant's management;
    d.   Her attorney fees and the costs and expenses of this action;
    e.   Such other relief as the Court deems just and equitable.

## FOURTH CLAIM FOR RELIEF:
## VIOLATION OF FMLA

47. Plaintiff, Sharon Shaw, incorporates the preceding paragraphs as if realleged.

48. By treating the Plaintiff differently than other employees in retaliation for the Plaintiff's exercise of her leave rights under the FMLA, the Defendant has violated the FMLA.

49. Through its actions, Defendant willfully failed to abide by their responsibilities under the FMLA without good cause and without reasonable grounds for believing that its acts and omissions were not in violation of the FMLA. Consequently, defendant is liable to Plaintiff for liquidated damages, costs and expenses.

50. As a direct result of Defendant's violation of her FMLA rights, Plaintiff has been prevented from working for Defendants until her planned retirement date, has lost wages and benefits, including future income and benefits, prospective retirement benefits, and other job rights.   Consequently, Plaintiff has been harmed and suffered damages in excess of $75,000.

51. As a result of Defendant's failure to abide by the FMLA, Plaintiff has been forced to engage an attorney to bring this action and is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. § 2617.

WHEREFORE, Plaintiff prays for judgment against the Defendant for:

a.  Back pay and lost benefits;
b.  Liquidated Damages;
c.  Her attorney fees and the costs and expenses of this action;
e.  Such other relief as the Court deems just and equitable.

## FIFTH CLAIM FOR RELIEF:
## INTERFERENCE IN VIOLATION OF FMLA (29 U.S.C. § 2615(a)(1))

52. Plaintiff, Sharon Shaw, incorporates the preceding paragraphs as if realleged.

53. Defendant *initially denied* Plaintiff's FMLA request by claiming to have lost the paperwork for a few months. During this time period, Plaintiff was denied the opportunity to exercise her FMLA rights. As such, Defendant has violated 29 U.S.C. § 2615(a)(2) by interfering with her FMLA leave.

WHEREFORE, Plaintiff prays for judgment against the Defendants for:

a.  Back pay and lost benefits;
b.  Liquidated Damages;
c.  Her attorney fees and the costs and expenses of this action;
e.  Such other relief as the Court deems just and equitable.


WHEREFORE, based on the foregoing, Plaintiff prays that this Court grant her the relief sought including, but not limited to, actual damages in excess of Seventy-Five Thousand Dollars ($75,000), with interest accruing from date of filing of suit, punitive damages in excess of Seventy-Five Thousand Dollars ($75,000), back pay and lost benefits, compensatory damages for mental anguish, pain and suffering and other non-pecuniary loss, reasonable attorneys fees, injunctive relief, and all other relief deemed appropriate by this Court.

Respectfully submitted,


/s/ Daniel E. Smolen_____
Daniel E. Smolen, OBA# 19943
Lauren G. Lambright, OBA# 22300
SMOLEN, SMOLEN & ROYTMAN, PLLC
701 S. Cincinnati Avenue
Tulsa, Oklahoma 74119
P: (918) 585-2667
F: (918) 585-2669
*Attorneys for Plaintiff*


## CERTIFICATE OF MAILING

I hereby certify that on March 13, 2014, I electronically transmitted the foregoing document to the Clerk of the Court using the ECF System for the following ECF registrants:

Robert M. Waxman
David N. Tarlow
John W. Shenk
Ervin Cohen & Jessup LLP
9401 Wilshire Boulevard, Ninth Floor
Beverly Hills, California 90212-2974
rwaxman@ecjlaw.com
dtarlow@ecjlaw.com
jshenk@ecjlaw.com

J. Ronald Petrikin
P. Bradley Bendure
Conner & Winters, LLP
4000 One Williams Center
Tulsa, OK 74172-0148
rpetrikin@cwlaw.com
bbendure@cwlaw.com

/s/Daniel E. Smolen____
Daniel E. Smolen